[No. A056006. First Dist., Div. Three. Feb. 27, 1992.]

RUBEN VALENZUELA et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
STONESON DEVELOPMENT CORPORATION et al., Real Parties in
Interest.

**COUNSEL**

Nick T. Reckas for Petitioners.

No appearance for Respondent.

Stubbs, Hittig & Leone, Louis A. Leone, H. Christopher Hittig, Ropers, Majeski, Kohn, Bentley, Wagner & Kane and Eugene J. Majeski for Real Parties in Interest.

**OPINION**

**MERRILL, Acting P. J.—** ■ We address only one issue: May a prior property owner's knowledge of property defects be imputed to the current owner for purposes of starting the running of the statute of limitations as to the developer when the prior owner acts as an agent of the developer in concealing the defects from the current owner? We conclude that under those

circumstances a prior owner's knowledge may *not* be imputed to the current owner. We grant a peremptory writ of mandate to vacate the superior court's judgment on the pleadings.

The issue is one of law, based solely upon the allegations of the third amended complaint. That complaint alleges that petitioners Ruben and Agustina Valenzuela (current owners, hereafter) bought their home in San Bruno in 1973. Within the first few years they experienced various settling problems, which have continued to the present time. For many years they tried, unsuccessfully, to uncover the cause of the problems and to remedy them. In 1986, they discovered that the problems were caused by installation of a defective drainage system in 1963 when a creek was filled to provide a building site for the San Bruno development. They filed their original complaint against the developer and others within one year of this discovery.

The third amended complaint alleges that as early as 1964, the various defendants were informed of the failure of the drainage system, and that in 1969 each defendant received a report describing the problems and making recommendations for solving them. It further alleges that various defendants conspired to conceal their knowledge from residents and subsequent purchasers of the affected properties.

Stoneson Development Corporation, one of its owners Arthur Schumacher, and its related entities (developer, hereafter) moved for judgment on the pleadings on statute of limitations grounds. Drainage system subcontractor Arthur Haskins, Inc., joined in the motion. The motion focused specifically upon current owners' allegations that prior owner United Testing Laboratories, Inc., sold the property with full knowledge of the defects. Developer cited *Bradler* v. *Craig* (1969) 274 Cal.App.2d 466 [79 Cal.Rptr. 401], and *CAMSI IV* v. *Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525 [282 Cal.Rptr. 80], for the proposition that prior owner's knowledge would be imputed to current owners for statute of limitations purposes. After hearing, the court granted the motion in favor of developer (except for a fraud cause of action against Schumacher as an individual) and in favor of drainage system contractor (except for the fraud cause of action). The court entered judgment for the corporate developer. This petition followed.

Plaintiffs in *Bradler* v. *Craig, supra*, 274 Cal.App.2d 466, alleged defects in construction of a house built in 1948 and purchased by plaintiffs in 1966. Although plaintiffs alleged that they discovered the defects after they bought the property, they also alleged that the prior owner knew about the defects. The *Bradler* court held that plaintiffs' action against the building contractor was barred by the three-year statute of limitations: "Although they allege

their predecessors in interest knew of the alleged defects, there is no allegation as to when the prior owners acquired such knowledge, or whether the defects caused any appreciable damage during the 18-year period before plaintiffs purchased the property. Knowledge or notice of defects or damage that came to the attention of their predecessors in interest would be imputed to plaintiffs as of the date thereof. Likewise, if the facts imposed a duty on plaintiffs' predecessors in interest, plaintiffs are chargeable with that duty as of the date the facts became known. If the defects were such that a reasonable man would have taken corrective action, the statute would commence to run." (*Id.*, at p. 472.)

In *CAMSI IV* v. *Hunter Technology Corp.*, *supra*, 230 Cal.App.3d 1525, the court cited *Bradler* approvingly and discussed the effect of a prior owner's knowledge of harm to the property. Plaintiff CAMSI IV purchased property from Monsanto, whose lessee Hunter, a printed circuit board manufacturer, had released toxic chemicals into the soil and groundwater. The court affirmed the judgment for Hunter because CAMSI IV failed to plead facts to show that it would have been unable, despite reasonable diligence, to have discovered the contamination at an earlier date. But it also approved *Bradler*'s theory that knowledge of a prior owner should be imputed to the current owner.

*CAMSI IV* addressed the "harm" element of tortious injury to property: "First, it is apparent as an abstract proposition, and has been assumed in a number of cases, that for limitations purposes the harm implicit in a tortious injury to property is harm to the property itself, and thus to *any* owner of the property once the property has been injured and not necessarily to a particular owner. Thus once a sewer line has been improperly located on the property [citation], or the lot preparation and foundation construction have been improperly done [*Bradler* v. *Craig*, *supra*, 274 Cal.App.2d at p. 472], or the encroaching buildings are constructed [citation], the tort is complete and the statute of limitations (unless forestalled by the 'discovery rule' or some other special doctrine) begins to run: An owner must bring its claim to court within the statutory period or the claim will be barred *for that and all subsequent owners*. Normally a subsequent owner will not be personally harmed by the tort until he or she becomes the owner, but no case has held that each new owner thus becomes entitled to a new statute of limitations against the tortfeasor. Such a rule would wholly disregard the repose function of statutes of limitations. [Citation.]" (230 Cal.App.3d at pp. 1534-1535, italics in original).

Next, in considering the "discovery rule," the *CAMSI IV* court noted that it might be inferred from the complaint that Monsanto knew or should have

known about the toxic discharges. "If so, their knowledge would have been imputed to CAMSI IV. (*Bradler* v. *Craig, supra,* 274 Cal.App.2d at p. 472.)" (230 Cal.App.3d at p. 1537.)

The allegations before us present a significant twist on the facts. Here, the prior owner is not an independent person or business occupying the property before selling it to the current owners. According to the complaint, the prior owner is a corporation created to purchase the residence as part of the settlement of a lawsuit brought against the developer by another prior owner (first plaintiff, hereafter). The complaint alleges that Daniel J. Rhoades, an officer and shareholder of the prior owner, performed certain repairs on the property and then falsely represented to the current owners that there were no adverse conditions on the property. In fact, the same subsurface drainage problems still existed. The complaint alleges that Rhoades acted as an agent of the developer and drainage system subcontractor in performing these acts and that his conduct was authorized and ratified by them.

The *Bradler/CAMSI IV* imputation of knowledge rule makes sense when the prior owner is independent of the developer. If a prior owner knows about defects and fails to sue the developer or inform the current owner, the current owner is not unduly restricted if allowed to sue only the prior owner for concealing the defects (inflating the price of the property). But where, as alleged here, the prior owner acts as an agent for the developer in concealing the defects, the developer may not hide behind the statute of limitations. To rule otherwise would encourage developers to use agents to repurchase their problem properties, to sweep the problems under the rug, and to resell the properties to unsuspecting purchasers.

During argument on the motion, the superior court suggested that knowledge of the first plaintiff or another prior owner might also be imputed to the current owners. Although the pleadings are not clear on this point, we infer from them that the first plaintiff knew about the defects in the property and sued the developer over them. We do not agree with the superior court's suggestion that the first plaintiff's knowledge should be imputed to the current owner. The first plaintiff did not conceal the defects; he acted on his knowledge by suing for injury to his property. According to the complaint, instead of remedying the defects, the developer settled the suit and used an agent to regain control over the property. In essence, the developer suppressed the first plaintiff's knowledge. The alleged repurchase of the property by an agent of the developer broke any chain of imputation which might otherwise have been forged between the first plaintiff and the current owner.

The *Bradler/CAMSI IV* rule is a policy which favors the repose function of the statute of limitations and prevents belated suits against an unsuspecting

developer. We will not torture the rule by allowing a developer who has been advised of the problems to use the imputation rule as a device to sanitize the defective property and avoid liability to a successive owner.

The trial court erred in granting the motion for judgment on the pleadings and in entering judgment in favor of the corporate developer. The third amended complaint alleges grounds for avoiding the statute of limitations for causes of action against the developer and drainage system subcontractor. We issue a peremptory writ of mandate in the first instance (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893]).

Let a peremptory writ of mandate issue directing the San Mateo County Superior Court to (1) vacate paragraphs numbered 1 and 2 of its December 12, 1991, order granting the motion for judgment on the pleadings, and (2) vacate its December 12, 1991, judgment that plaintiffs take nothing from defendants Pacific Acquisition Corporation (formerly known as the Stoneson Development Corporation), Stoneson Construction Corporation and Stoneson Associates, Inc., by their third amended complaint, and that defendants Stoneson recover their costs of suit.[1]

Costs of suit in this writ proceeding shall be awarded to petitioners.

Chin, J., and Werdegar, J., concurred.

A petition for a rehearing was denied March 26, 1992.

---

[1]Current owners contend that the court erred in refusing their oral request to amend to add the corporate developer as a defendant to the fraud cause of action. In light of our disposition here, we do not address the request to amend, which may be renewed in superior court.