70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHEAST SAVINGS, F.A., Plaintiff-Appellant,
v.
Alexander SCHREIBER, Jr., an individual; Aspas Developers,
Inc., a California corporation; Schreiber Diversified,
Inc., a California corporation; Bokal-Kelley Markham,
Architects; Richard D. Bokal, an individual; Bokal
Kelley-Markham, Architects, a professional corporation;
Kurt D. Myers, an individual; Kurt D. Myers Landscape
Construction, Inc., a California corporation; Southern
California Soil & Testing, Inc., a California corporation;
Dodds, Inc., a California corporation; ODL, Inc., a
California corporation; North County Gunite; Sterling
Pacific Building Materials, FKA Sterling Pacific Building
Materials; Western Pacific Solar, Defendants-Appellees,
NORTHEAST SAVINGS, F.A.,; and Nemac, Inc., dba Northeast
Federal, Plaintiff-Appellee,
v.
Alexander SCHREIBER, Jr., an individual; Aspas Developers,
Inc., a California corporation; Schreiber Diversified,
Inc., a California corporation; Bokal-Kelley Markham,
Architects; Richard D. Bokal, an individual; Bokal
Kelley-Markham, Architects, a professional corporation;
Kurt D. Myers, an individual; Kurt D. Myers Landscape
Construction, Inc., a California corporation; Southern
California Soil & Testing, Inc., a California corporation;
Dodds, Inc., a California corporation; ODL, Inc., a
California corporation; North County Gunite; Sterling
Pacific Building Materials, FKA Sterling Pacific Building
Materials; Western Pacific Solar; et al., Defendants-Appellants.
 No. 94-55684, 94-56016 and 94-56024.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1995.
Decided Nov. 16, 1995.
 
 1
 Before: BROWNING and PREGERSON, Circuit Judges and TANNER,* District Court Judge.
 
 
 2
 MEMORANDUM**
 
 I. SUMMARY JUDGMENT
 A. Standard of Review
 
 3
 We review de novo the district court's grant of summary judgment. Thus, the review is governed by the same standards used by the trial court under Fed.R.Civ.P. 56(c). We must view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). This diversity action is controlled by California law. Allstate Ins. Co. v. Smith, 929 F.2d 447, 449 (9th Cir.1991). Additionally, this court "may affirm the judgment on any basis supported by the record even if the district court did not rely on that basis." Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1983).
 
 B. Discussion
 
 4
 The district court granted summary judgment to the defendants on the grounds of res judicata and did not rule on the statute of limitations issue. However, we hold that the statute of limitations bars all of Northeast's claims, and thus affirm the grant of summary judgment.
 
 
 5
 California has a three year statute of limitations "for trespass upon or injury to real property." Cal.Civ.Pro.Code Sec. 338. California has a four year statute of limitations for "[a]ny patent deficiency in the design, specifications, surveying, planning, supervision or observation of construction, or construction of an improvement to, or survey of, real property." Cal.Civ.Pro.Code 337.1. A ten year statute of limitations exists, for latent deficiencies that acts as a bar to claims, whether discovered or not. Cal.Civ.Pro.Code Sec. 337.15.
 
 
 6
 Defendants argue the Coltons' knowledge is imputed to Northeast, and the statute therefore began to run when the Coltons discovered the defects, because the Coltons knew of the defects before Northeast obtained any interest in the property. See Camsi IV v. Hunter Technology, 230 Cal.App.3d 1525, 1534-35, 282 Cal.Rptr. 80, 85 (Cal.Ct.App.1991); Bradler v. Craig, 274 Cal.App.2d 467, 472, 79 Cal.Rptr. 401, 405 (Cal.Ct.App.1969).
 
 
 7
 Northeast argues the Coltons' knowledge should not be imputed to Northeast because the Coltons concealed the defects. We disagree. The Coltons' knowledge is imputed to Northeast even if the Coltons attempted to conceal the defects from Northeast. "If a prior owner knows about defects and fails ... to inform the current owner, the current owner is not unduly restricted if allowed to sue only the prior owner for concealing the defects." Valenzuela v. Superior Court, 3 Cal.App.4th 1499, 1503, 5 Cal.Rptr.2d 186 (Cal.Ct.App.1992).
 
 II. AMENDED COMPLAINT
 A. Standard of Review
 
 8
 Northeast's post judgment motion was framed as one to file an amended complaint, or alternatively as a motion to amend the judgment in order to permit filing of an amended complaint. Both the denial of a motion to file an amended complaint under Fed.R.Civ.P. 15(a) and to amend a judgment under Fed.R.Civ.P. 59(e) are reviewed for abuse of discretion.[1] Ferris v. Santa Clara County, 891 F.2d 715, 718 (9th Cir.1989) (the denial of leave to amend a complaint under Fed.R.Civ.P. 15(a) after a grant of summary judgment is reviewed for abuse of discretion); Carter v. United States, 973 F.2d 1479, 1488 (9th Cir.1992) (review of Fed.R.Civ.P. 59(e) motions is for abuse of discretion).
 
 B. Discussion
 
 9
 The district court, after hearing the arguments of counsel, denied Northeast's Motion for Leave to File an Amended Complaint finding that amendment would be futile. Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 766 (9th Cir.1986). We agree.
 
 
 10
 The amended complaint contained two causes of action: (1) for violation of lien rights, and; (2) for negligence in paying the settlement proceeds to the Coltons instead of Northeast. However, Northeast concedes it had no security interest until the Coltons discovered the defects and sued defendants. The security interest was not damaged; it was always worth less than Northeast believed because the Coltons concealed the defects from Northeast. Thus, Northeast would not have suffered any damage but for the Coltons' alleged fraud.
 
 
 11
 In these circumstances, defendants had no duty to pay Northeast. First, we are unaware of any California case holding that a third party with only constructive notice of a lien has a duty to the lienholder. Second, defendants did not have a duty to assume the Coltons would commit fraud and injure subsequent lenders. Consequently, defendants had no duty to seek out Northeast prior to settling with the Coltons.
 
 III. ATTORNEY'S FEES
 
 12
 Certain defendants sought attorneys' fees under Section 8.4 of the settlement agreement and upon Cal.Civ.Pro.Code Sec. 1717(a). The district court denied the motion finding that the complaint was based on the underlying tort, and not on the settlement agreement. We agree.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Northeast argues that because the district court ruled that the amendment would be "futile" in denying the motion to amend this was tantamount to entering summary judgment against Northeast and should be reviewed de novo. They cite no case for this proposition, nor is it a correct statement of the law