Sam FERRIS,
Petitioner/Plaintiff–Appellant,

v.

SANTA CLARA COUNTY; City of San
Jose; Officer Mason; Officer Galea;
State of California, Defendants–Appel-
lees.

No. 88–15207.

United States Court of Appeals,
Ninth Circuit.

Submitted June 28, 1989 *.

Decided Dec. 6, 1989.

* The panel finds this case appropriate for submis-
sion without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Sam Ferris, San Jose, Cal., pro se.

James Rumble, Deputy County Counsel, San Jose, Cal., for defendant-appellee County of Santa Clara.

Andrea Bryan Ferguson, Sr. Deputy City Atty., San Jose, Cal., for defendants-appellees City of San Jose, and Officers Galea and Mason.

Before BROWNING, PREGERSON and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Appellant Sam Ferris appeals pro se the district court's grant of summary judgment in an action for injunctive relief and damages under 42 U.S.C. § 1983. Ferris alleged his civil rights were violated when he was arrested and convicted under state laws that proscribe certain sexual activities with minors. Ferris contends the statutes are unconstitutional and that the district court erred in striking his proposed second amended complaint. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## FACTS

Ferris was arrested and charged with violating California Penal Code §§ 261.5 (one count), 288a(b)(1) (four counts), and 288a(b)(2) (two counts).[1] Ferris entered a plea of *nolo contendere* to all charges. He was sentenced to six months in the County jail and placed on probation. All charges resulted from Ferris' relations with two minor females, aged fifteen and seventeen. He contends his arrest and convictions violated his civil rights because, he argues, California Penal Code §§ 261.5, 288a(b)(1), and 288a(b)(2) are unconstitutional. Ferris sued the State of California ("State"), the County of Santa Clara ("County"), the City of San Jose ("City"), and two police officers. He sought damages and an injunction enjoining enforcement of the challenged statutes.

The district court granted the State's motion to dismiss under the doctrine of sovereign immunity. It dismissed the action against the two police officers after determining they were qualifiedly immune from suit. The court then dismissed the action against the County and City with leave to amend, instructing Ferris that he had to allege a County or City "policy, custom or practice" that caused him to be deprived of a right protected by the Constitution or by federal law.

Ferris filed an amended complaint in which he repeated his allegation that his constitutional rights were violated by en-

---

1. Section 261.5 provides:

   Unlawful sexual intercourse is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, where the female is under the age of 18 years.

   Subsections (1) and (2) of section 288a(b) provide:

   (b)(1) Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year.

   (2) Except as provided in Section 288, any person over the age of 21 years who participates in an act of oral copulation with another person who is under 16 years of age shall be guilty of a felony.

forcement of the state laws under which he was convicted. The district court then dismissed the action with prejudice. It concluded Ferris had not stated a section 1983 claim against the County or the City because he had not alleged that the claimed constitutional violation was caused by the implementation of a municipal "policy, custom or practice" under *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). The district court also determined, in the alternative, that the statutes in question were constitutional, and therefore no constitutional violation had occurred. After final judgment was entered and the action was dismissed, Ferris filed a second amended complaint in which he added federal racketeering claims. The district court ordered the second amended complaint stricken.

### ANALYSIS

A. *Constitutionality*

■ Ferris makes six arguments to show facial unconstitutionality.[2] Of these six, we address only Ferris' substantive due process, equal protection, and illegal sentence contentions.[3]

1. *Substantive Due Process*

Ferris argues that the statutes under which he was convicted deny him substantive due process, because they violate his right to engage in consensual sexual activities with females between the ages of fourteen and eighteen. In essence, Ferris argues he has a privacy right protected by the Constitution to engage in this conduct.

2. Ferris also contends the statutes are unconstitutional as applied. He argues that "no one in the State of California has ever been charged with a Pure [sic] violation of these laws except me." Appellant's Brief at 40. We construe this as a claim of selective prosecution. It fails because Ferris has set forth no facts to support his conclusory allegation.

3. We do not address Ferris' arguments (1) that the statutes in question are unconstitutional on the ground that they violate procedural due process by creating an irrebutable presumption that females under certain ages are incapable of consenting to the sexual activities proscribed by the statutes and (2) that the statutes in question

■ Even if we assume that Ferris may have a constitutional right to engage in consensual sexual activities with females, the State may nonetheless regulate this conduct insofar as it pertains to minors.

It is evident beyond the need for elaboration that a State's interest in "safeguarding the physical and psychological well-being of a minor" is "compelling." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 [102 S.Ct. 2613, 2620, 73 L.Ed.2d 248] (1982). "A democratic society rests, for its continuance, upon the healthy, well-rounded growth of young people into full maturity as citizens." *Prince v. Massachusetts*, 321 U.S. 158, 168 [64 S.Ct. 438, 443, 88 L.Ed. 645] (1944). Accordingly, we have sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights. In *Prince v. Massachusetts, supra,* the Court held that a statute prohibiting use of a child to distribute literature on the street was valid notwithstanding the statute's effect on a First Amendment activity. In *Ginsberg v. New York*, [390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968)], we sustained a New York law protecting children from exposure to nonobscene literature. Most recently, we held that the Government's interest in the "well-being of its youth" justified special treatment of indecent broadcasting received by adults as well as children. *FCC v. Pacifica Foundation*, 438 U.S. 726 [98 S.Ct. 3026, 57 L.Ed.2d 1073] (1978).

violate the privacy rights of minor females between the ages of fourteen and eighteen to engage in the specified sexual activities. As to the first argument, we note that a plurality of the Supreme Court recently held that the "irrebuttable presumption" analysis is simply another way of framing a substantive due process claim. *See Michael H. v. Gerald D.,* — U.S. —, 109 S.Ct. 2333, 2340–41, 105 L.Ed.2d 91 (1989) (plurality opinion). As to Ferris' argument that these laws impermissibly invade the privacy rights of minor females, Ferris lacks standing to argue the constitutional rights of third parties not represented in this appeal. *See United States v. Kidder,* 869 F.2d 1328, 1335 (9th Cir.1989).

*New York v. Ferber,* 458 U.S. 747, 756–57, 102 S.Ct. 3348, 3354–55, 73 L.Ed.2d 1113 (1982).

■ In *Ferber,* the Court stated that because the "prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," *id.* at 757, 102 S.Ct. at 3355, New York could prohibit the sale of pornographic materials depicting minors, even though such materials were not obscene. Although California Penal Code §§ 261.5, 288a(b)(1), and 288a(b)(2) are not aimed at the sexual exploitation of minors in the context of pornography, it is beyond cavil that these statutes are aimed at protecting youth from physical and psychological harm as a result of specified sexual activities. California has a compelling interest in safeguarding its youth in this manner. Thus, California Penal Code §§ 261.5, 288a(b)(1), and 288a(b)(2) do not violate any right of privacy which Ferris may have under the fourteenth amendment.

### 2. *Equal Protection Claims*

■ Ferris claims that California Penal Code §§ 261.5, 288a(b)(1), and 288a(b)(2) violate the equal protection clause of the fourteenth amendment because these statutes set a different relevant age than do laws of other states in proscribing sexual activities with minors. He contends that this results in uneven prosecution under similar state laws throughout the country. This argument is patently frivolous and merits no discussion.

Ferris also argues that section 261.5 violates the equal protection clause because it subjects only males to criminal penalties. The Supreme Court considered and rejected an identical contention in *Michael M. v. Superior Court,* 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981) (plurality opinion).

### 3. *Sentencing Provisions*

■ Ferris argues that the subject statutes are unconstitutionally vague in their sentencing provisions. This argument is meritless. Sections 264 and 288a of the California Penal Code plainly set out the maximum punishments for violation of each of the statutes under which Ferris was convicted. A statute is impermissibly vague only if people "of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). The sentencing provisions of the subject statutes are not impermissibly vague.

### 4. *Conclusion as to Constitutionality*

We conclude that California Penal Code §§ 261.5, 288a(b)(1), and 288a(b)(2) are constitutional. Thus, there was no constitutional violation resulting from Ferris' conviction or sentence. He has failed to show that he was deprived of any right protected by the United States Constitution or federal law. *See* 42 U.S.C. § 1983.[4]

### B. *Order Striking Second Amended Complaint*

Final judgment was entered July 14, 1988. Ferris filed his second amended complaint August 3, 1988. The district court ordered the second amended complaint stricken August 4, 1988. Ferris argues the court erred in striking the second amended complaint rather than granting him leave to file it.

■ Leave to amend following summary judgment may be granted at the discretion of the court. *Nguyen v. United States,* 792 F.2d 1500, 1503 (9th Cir.1986). Where a final judgment is entered and an action is dismissed, amendments to pleadings may be made only with leave of court. Fed.R.Civ.P. 15(a); *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir.1987). Amendments under Rule 15 are favored " 'to facilitate decision on the merits.' " *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir.1987) (quoting *United States v. Webb,* 655 F.2d

---

**4.** Having concluded that the statutes under which Ferris was convicted are constitutional, we need not consider the qualified immunity issue as it applies to the individual defendants, the municipal policy issue as it applies to the City and County, or the eleventh amendment issue as it applies to the state's claim of sovereign immunity.

977, 979 (9th Cir.1981)). This policy is liberally construed when applied to pro se plaintiffs. *Id.* Ferris, however, already had filed one amended complaint prior to the grant of summary judgment and entry of final judgment. His amended complaint failed to cure the defect the court had told him about. Ferris' second amended complaint purported to add an entirely new RICO claim. The district court did not abuse its discretion in striking the second amended complaint.

### C. *Issues Raised for First Time on Appeal*

■ Ferris raises numerous other issues in his brief which were raised in state court but not presented to the district court.[5] Issues not raised in the district court will not be heard on appeal absent a showing that review is necessary to prevent a miscarriage of justice, that a change in the law has created a new issue pending appeal, or that the issue is purely one of law. *Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir.1987). None of these exceptions applies in this case.

AFFIRMED.

---

5. In arguing these issues, Ferris contends state judges are biased due to the election process; the subject laws are unconstitutional because married persons and persons over eighteen are not prosecuted; pro se litigants should be paid regardless of the outcome of the case; "private prostitution" should be legalized; and the state law regulating who may take the state bar examination violates due process and equal protection rights. He also contends the state appellate court erred in not publishing its decision.