949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest G. MOORE, Plaintiff-Appellant,
v.
Steve SHELDON; Margaret Wall, Defendants-Appellees.
 No. 89-35475.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 5, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest Moore, a prisoner acting pro se, appeals the district court's grant of summary judgment in favor of defendants on his claims under 42 U.S.C. § 1983. We affirm.
 
 
 3
 * Moore's complaint alleges that defendants Wall, the health services manager at Oregon State Penitentiary, and Sheldon, a general practitioner who provides medical care to Oregon prisoners, denied Moore access to treatment by an outside heart specialist at state expense. Moore also alleges that, while in the prison infirmary recovering from an injury, he suffered chest pains and requested the return of his nitroglycerine tablets, which had been confiscated pursuant to prison policy on his admission into the infirmary. The tablets were not returned until Moore left the infirmary two days later. Moore claims that these actions amounted to denial of medical treatment in violation of the Eighth Amendment's proscription of cruel and unusual punishment. Moore further asserts that defendants took the challenged actions in retaliation for his filing of administrative grievances and lawsuits charging prison officials with racial discrimination.
 
 
 4
 After more than two years of preliminary proceedings, the district court entered summary judgment for defendants, and denied Moore's motion to amend his complaint. Moore timely appealed.
 
 II
 
 5
 The Eighth Amendment proscribes "deliberate indifference to the serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). If medical needs are met within the prison, the constitution does not require that prison officials provide supplemental outside medical care. Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir.), cert. denied, 479 U.S. 930 (1986). Moreover, disagreements over "matter[s] for medical judgment," such as whether additional tests or treatment are required, are insufficient to establish a constitutional violation. Estelle, 429 U.S. at 107.
 
 
 6
 Summary judgment was properly granted for appellees on the Eighth Amendment claim. Moore was examined and treated by prison medical personnel every time he complained of poor health. Appellees refused to refer him to an outside cardiac specialist at state expense[1] because they believed referral was not medically indicated. This "is a classic example of a matter for medical judgment," Estelle, 429 U.S. at 107, and as such cannot provide the basis for a constitutional claim. Nor does the short delay in returning his nitroglycerine tablets amount to deliberate indifference to his serious medical needs. See Toussaint v. McCarthy, 801 F.2d 1080, 1112 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 III
 
 7
 Allegations that prison officials have interfered with the right to petition for redress of grievances by retaliating against a prisoner for bringing litigation or filing grievances may state a constitutional claim. See Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989); Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir.1985).
 
 
 8
 Viewed in the light most favorable to Moore, the evidence of retaliation consists of: (1) his conclusory allegation to that effect; and (2) his assertion that Frank Lowe, another inmate at the Oregon State Penitentiary, would "testify to being referred to a heart specialist for treatment after complaining of chest pains." Moore did not provide an affidavit from Lowe, nor did he provide any details as to Lowe's condition or treatment. Moore did not allege that Lowe's condition was similar to his, that Lowe's outside treatment was financed by the state, or that Lowe had not filed administrative grievances or lawsuits against the prison officials.
 
 
 9
 In order to survive a motion for summary judgment, the non-moving party must provide evidence to support the existence of all essential elements on which he will bear the burden at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is appropriate if the evidence is such that it would require a directed verdict in favor of the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). Although the pleadings of a pro se litigant, particularly a prisoner, are liberally construed, to avoid summary judgment such a litigant "must present some 'significant probative evidence tending to support the complaint.' " Franklin v. Murphy, 745 F.2d 1221, 1235 (9th Cir.1984) (quoting General Business Systems v. North American Phillips Corp., 699 F.2d 965, 971 (9th Cir.1983)).
 
 
 10
 Moore has not satisfied this requirement. In order to make out a retaliation claim, a prisoner must show that his constitutionally protected conduct was a substantial or motivating cause of the defendants' actions. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Although, as the district court noted, Moore was provided ample time to conduct discovery, he has not adduced any significant probative evidence to support his retaliation claim.[2]
 
 IV
 
 11
 Moore contends that the district court erred in refusing to grant him leave to amend his complaint. His request for leave to amend accompanied his objections to the magistrate judge's Findings and Recommendation. Moore had been granted leave to amend his complaint more than a year earlier, but had declined to do so.
 
 
 12
 Leave to amend following summary judgment may be granted at the discretion of the court. Ferris v. Santa Clara County, 891 F.2d 715, 718 (9th Cir.1989), cert. denied, 111 S.Ct. 141 (1990). Although the general policy in favor of allowing amendment is especially liberally construed when applied to pro se litigants, id. at 719, leave to amend need not always be given.
 
 
 13
 Moore, in his request for leave to amend, sought to add a number of factual allegations and unnamed additional defendants to his complaint. The district court did not abuse its discretion in denying leave to add new defendants. Moore offered no excuse for his failure to include these defendants in his complaint, or to amend earlier when leave was granted. He did not even name the other defendants he wished to add. Denial of leave to amend was proper under the circumstances. See Burns v. County of King, 883 F.2d 819, 823 (9th Cir.1989).
 
 
 14
 Of the fourteen factual claims Moore sought to add to his complaint, only four arguably related to the actions of defendants Sheldon and Wall. The relevant claims were: (1) that he was not always served diabetic meals while in administrative segregation at OSCI; (2) that treatment for a toothache was delayed ten hours; (3) that his nitroglycerine tablets were confiscated before he was placed in a punishment cell for five hours, and that he experienced chest pains while in the cell; and (4) that he was injected with thorazine without his knowledge after complaining of an angina attack.
 
 
 15
 Viewed in the light most favorable to Moore, these additional allegations could not survive defendant's motion for summary judgment. The first three allegations demonstrate at most slight delays in treatment, not deliberate indifference to serious medical problems. The medical history submitted by defendants in support of their motion for summary judgment amply demonstrates that Moore was treated with thorazine because, in the professional judgment of the medical staff, his chest pains were caused by anxiety. Since addition of these claims would have been futile, the district court did not err in denying leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 V
 
 16
 Finally, Moore asserts that the magistrate judge denied him a jury trial out of "judicial vindictiveness" following Moore's demand for trial before an Article III judge. The record does not support this claim. The magistrate judge struck the May 31, 1988 date set for a jury trial after the defendants filed their motion for summary judgment on May 24. The only reasonable inference is that the trial date was struck pending resolution of the summary judgment motion.
 
 VI
 
 17
 For the foregoing reasons, appellant Moore's claims of error are rejected and the district court's order is
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Appellees did indicate that Moore would be allowed to consult with an outside physician at his own expense
 
 
 [2]
 This case is not analogous to Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir.1989), where a grant of summary judgment in favor of defendants on a prisoner's retaliation claim was reversed. The Valandingham case involved a factual dispute as to whether the action allegedly taken in retaliation for Valandingham's complaints had in fact occurred. Valandingham supported his contentions with affidavits from witnesses. Id., 866 F.2d at 1139. Here, defendants do not dispute that Moore was denied access to outside medical care at state expense. They assert, however, that this denial was pursuant to institution policy, and not in retaliation for the filing of grievances and lawsuits. Defendants have shown that Moore was sent at state expense to an outside specialist when outside care was medically indicated. Moore has not countered these assertions with anything more than conclusory allegations