967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie Leroy COLBERT, Plaintiff-Appellant,
v.
Robert BORG, Warden; James Rowland, Director, et al.,
Defendants-Appellees.
 No. 91-16242.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie Leroy Colbert, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action seeking damages and injunctive relief to affect a transfer from Folsom prison ("Folsom"), where Colbert was incarcerated, to a prison medical facility. The district court dismissed the action, finding it was moot because Colbert had been transferred to California Medical Facility ("CMF") while the case was pending. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in part and reverse in part.
 
 
 3
 * Mootness
 
 
 4
 Federal courts lack jurisdiction to decide moot cases, and thus we apply a de novo standard for reviewing a district court's decision on mootness. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). In general, a case becomes moot when "the issues are no longer live or the parties lack a legally cognizable interest in the outcome." Id. There is an exception, however: "[r]eview [can] be had where there [is] injury that [is] 'capable of repetition, yet evading review.' " Id. at 1339 (quoting Southern Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911)).
 
 
 5
 In order to establish that an injury is capable of repetition, a plaintiff must make a " 'reasonable showing' of a 'sufficient likelihood' " that the injury will recur. Id. at 1339-40 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)). "The 'mere physical or theoretical possibility' of a challenged action again affecting a plaintiff is not sufficient." Id. (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)). The plaintiff bears the burden of meeting this standard. Id. at 1343.
 
 
 6
 Here, Colbert requested a transfer to a prison medical facility that could better address his medical needs. Because prison officials complied with his request prior to the trial of his action on the merits, the district court did not err by finding Colbert's request for injunctive relief to be moot. See Sample, 771 F.2d at 1338.
 
 
 7
 Moreover, on appeal, Colbert does not allege the possibility of being transferred back to the Folsom facility. Prison officials have stated that so long as Colbert's condition remains the same or worsens, he shall remain incarcerated at the prison medical facility. Prison officials also have offered to inform the court of any pending relocations should Colbert's condition improve. Under these circumstances, Colbert has not met his burden of showing that his injuries at the prison are capable of repetition but evading review. See id.
 
 II
 Damages
 
 8
 Colbert contends that the district court should have construed his pleadings liberally and allowed him an opportunity to amend his complaint once it became clear that he was seeking damages for his medical injuries. A pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). The trial judge has discretion to grant or deny a motion to leave for amend and may even rule on such a motion following summary judgment. Ferris v. Santa Clara County, 891 F.2d 715, 718 (9th Cir.1989), cert. denied, 111 S.Ct. 141 (1990). Moreover, in civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc).
 
 
 9
 Here, Colbert did not specifically request damages in his original complaint nor did he request leave to amend the complaint to add a claim for damages. He did, however, make a claim for $15,000 in punitive and compensatory damages in his demurrer to defendants' answer and in his motion in opposition to defendants' motion to dismiss. Defendants' in their motion for summary judgment state that Colbert requested $20,000 in punitive damages.[1] The magistrate judge dismissed Colbert's action without addressing the issue of damages or without allowing him the opportunity to amend his complaint to add a damages claim. The record, however, clearly indicates that Colbert was seeking monetary damages even though he had not expressly requested such relief in his original complaint.
 
 
 10
 Moreover, the magistrate judge, in denying defendants' motion for summary judgment, prior to Colbert's transfer, concluded that Colbert had stated a cognizable claim under section 1983 and that summary judgment on the issue was improper.[2] Given these circumstances, the magistrate judge should have treated Colbert's motions seeking damages as a motion for leave to file an amended complaint. See Bretz, 773 F.2d at 1027, n. 1; Noll, 809 F.2d at 1448. Accordingly we reverse and remand to allow Colbert an opportunity to file an amended complaint to request damages for his alleged section 1983 violations.[3]
 
 
 11
 AFFIRMED in part, REVERSED, REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Colbert's request for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3
 
 
 [1]
 Defendants' basis for this dollar amount is unclear
 
 
 [2]
 On February 7, 1991, the magistrate judge granted in part and denied in part defendants' motion for summary judgment, but upon reflection, withdrew his findings, stating that he would issue new findings shortly. On April 22, two months later, prison officials transferred Colbert to CMF. On April 26, the magistrate judge denied defendants' motion for summary judgment. Two weeks later, defendants' moved for dismissal of the action as moot
 
 
 [3]
 After filing his notice of appeal, Colbert filed a motion with this court claiming that prison officials denied him access to the courts. Colbert asserts that in transferring him to CMF prison officials prohibited him from taking his legal papers with him. On remand, the district court can examine the merits of this claim