974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reuben NIEVES, Plaintiff-Appellant,
v.
SANTA CLARA LAND TITLE COMPANY; Gail Christenson,
Christenson Realty; Yuet-Lin Tang, aka Elaine
Tang; ITT Financial, Inc., Defendants-Appellees.
 No. 92-15008.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reuben Nieves appeals pro se the dismissal of his 42 U.S.C. § 1983 action against a number of defendants including a real estate agent, a real estate broker, a title company and the holder of a judgment lien against Nieves's real estate property. Nieves contends that defendants deprived him of his homestead exemption without due process of law by requiring him to satisfy the recorded lien against his property before Santa Clara Title would insure title to the purchaser of Nieves's townhouse. The district court dismissed the action, finding that Nieves had failed to state a claim upon which relief could be granted. We review de novo, Donoghue v. County of Orange, 848 F.2d 926, 929 (9th Cir.1987), and we affirm.
 
 
 3
 To state a cognizable section 1983 claim, the plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the Constitution. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982).
 
 
 4
 The circumstances under which a private party may be sued under section 1983 are limited. A private person acts under color of state law only if there is a sufficiently close nexus between the state and the challenged action so that the action may be treated as that of the state itself. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974); Life Ins. Co. of N. America v. Reichardt, 591 F.2d 499, 502 (9th Cir.1979).
 
 
 5
 Here, Nieves contends that the deprivation of his property resulted from defendants' private use of state lien laws. Section 1983, however, does not countenance the suit of private individuals who rely on state law. See Lugar, 457 U.S. at 937 ("without a limit [on who qualifies as a state actor], private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them"). Thus, we have found that state statutes giving creditors liens, and authorizing them to enforce liens by a sale, do not result in the creditors acting under color of state law for purposes of section 1983. See Melara v. Kennedy, 541 F.2d 802, 808 (9th Cir.1976); Adams v. Southern Cal. First Nat'l Bank, 492 F.2d 324, 330 (9th Cir.1973), cert. denied, 419 U.S. 1006 (1974).
 
 
 6
 Nieves also contends that the district court erred when it denied Nieves's motion for leave to file a second amended complaint after entry of the court's judgment and by refusing to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e).
 
 
 7
 A pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). The trial judge has discretion to grant or deny a motion for leave to amend and may even rule on such a motion following summary judgment. Ferris v. Santa Clara County, 891 F.2d 715, 718 (9th Cir.1989), cert. denied, 111 S.Ct. 141 (1990). Rule 59(e) allows the district court, upon a party's motion, to alter or amend its judgment. See Fed.R.Civ.P. 59(e).
 
 
 8
 Nieves contends that under Rule 59(e) the district court should have considered the extent to which the bankruptcy laws preserved his homestead exemption. He also contends that the court should have found jurisdiction pursuant to 42 U.S.C. § 1985(3) or, at least, should have allowed him to file a second amended complaint alleging such jurisdiction.
 
 
 9
 First, Nieves does not allege any facts which would support the district court's reconsideration of his action under 42 U.S.C. § 1985(3). Even if Nieves were able to allege a conspiracy, his section 1985(3) action would be deficient because he has failed to allege any class-based animus on the part of the defendants. See Griffen v. Brekenridge, 403 U.S. 88, 102-03 (1971). Thus, because the deficiencies in Nieves's complaint could not be cured by further amendment, the district court did not abuse its discretion by denying Nieves's motions for leave to amend and for Rule 59(e) relief. See Noll, 809 F.2d at 1448.
 
 
 10
 Second, because Nieves appears to be seeking relief pursuant to the filing of his bankruptcy petition, the district court properly declined jurisdiction to consider the extent to which the bankruptcy laws preserved Nieves's homestead exemption. See 28 U.S.C. § 157(a) (bankruptcy cases are automatically referred to the bankruptcy court); 28 U.S.C. § 158(a) (district courts have bankruptcy appellate jurisdiction).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Nieves's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3