977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard BROWNING, Plaintiff-Appellant,
v.
CITY OF HAWTHORNE; Hawthorne Police Department; Stephen
Port, Police Chief; Michael Effler, Hawthorne
P.D.; Charles Leonard, Hawthorne
 No. 91-55704.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Browning appeals pro se from a summary judgment entered against him in a civil rights action brought by him under 42 U.S.C. § 1983 against the City of Hawthorne (City) and three City police officers. Browning claimed that he was falsely arrested and falsely imprisoned. The district court had jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1990).
 
 
 4
 Browning alleges that he was falsely arrested and imprisoned, in violation of 42 U.S.C. § 1983. To bring a successful section 1983 action, a plaintiff must show that the defendants acted under color of state law and that the defendants deprived the plaintiff of rights secured by the Constitution or federal statutes. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). Section 1983 also imposes liability upon municipalities for constitutional deprivations that result from actions taken pursuant to municipal policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978).
 
 
 5
 In this case, defendants assert that the City and the police officers cannot be held liable because Browning's wife, and not the police officers, arrested Browning. Although this is technically correct, the police officers did take custody of Browning subsequent to his wife's arresting him. We will not insulate the officers' actions from challenge merely because they were preceded or induced by the actions of a private citizen. See Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir.) (state action is present where a private party is a "willful participant in joint action with the State or its agents" (citations omitted)), cert. denied, 493 U.S. 1056 (1990).
 
 
 6
 What is missing, however, is any constitutional violation. The Fourth Amendment prohibits arrests without probable cause. Beck v. Ohio, 379 U.S. 89, 90-91 (1964). "Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Dunaway v. New York, 442 U.S. 200, 208 n. 9 (1979) (quotations and citations omitted); see also McKenzie v. Lamb, 738 F.2d 1005, 1008 (9th Cir.1984) (probable cause exists where there is "some objective evidence which would allow a reasonable officer to deduce that a particular individual has committed or is in the process of committing a criminal offense").
 
 
 7
 The uncontroverted facts in this case demonstrate quite clearly that the police officers had probable cause to arrest Browning. The record shows that the officers were called to the scene by Helen Browning shortly after she and her husband had an altercation. She told the officers that Browning had grabbed her and pushed her down; she was visibly upset and said she was in a great deal of pain. Based on this record, it was reasonable for the officers to deduce that Browning had committed the misdemeanor of battery. Indeed, he was subsequently convicted by a jury for this very offense. Because the officers had probable cause to arrest Browning, neither the officers nor the City can be held liable under section 1983 for false arrest and imprisonment. See Dunaway, 442 U.S. at 208 n. 9; McKenzie, 738 F.2d at 1007.
 
 
 8
 Browning has presented no evidence to suggest that his arrest was made without probable cause. As there are no material facts in dispute, we agree with the district court that summary judgment was proper in this case.
 
 
 9
 Browning also contends that the district court erred in denying him leave to amend his complaint. Browning requested permission to amend his complaint when opposing the defendants' summary judgment motion, and proposed this as an alternative to granting summary judgment. Although we review the denial of a motion to amend the complaint for abuse of discretion, Thomas-Lazear v. FBI, 851 F.2d 1202, 1206 (9th Cir.1988), a pro se litigant "must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," Karim-Panahi, 839 F.2d at 623 (internal quotation and citations omitted). Leave to amend, moreover, may be given even after summary judgment. Ferris v. Santa Clara County, 891 F.2d 715, 718 (9th Cir.1989), cert. denied, 111 S.Ct. 141 (1990).
 
 
 10
 In this case, Browning's cause of action failed not because of any deficiencies in his complaint. It failed because the evidence presented did not show a genuine issue of material fact, and because the defendants were entitled to prevail as a matter of law. Thus, there were no deficiencies in the complaint to be cured by amendment; the deficiency was in the evidence. The district court therefore did not abuse its discretion in refusing Browning leave to amend his complaint. See Thomas-Lazear, 851 F.2d at 1206.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3