15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Glen Anthony REED, Plaintiff-Appellant,
v.
John PIZZI, Defendant-Appellee,
 No. 93-16402.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 13, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glen Anthony Reed, an Arizona state prisoner, appeals pro se the district court's order granting the defendant's motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Additionally, Reed contends that the district court erred in denying him leave to file an amended complaint. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 Collateral Estoppel
 
 3
 Reed contends that the district court erred in holding that he is collaterally estopped from pursuing this civil rights action by a previous state court criminal judgment. This contention lacks merit.
 
 
 4
 We review the district court's grant of a motion for summary judgment de novo. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). The availability of collateral estoppel is a mixed question of law and fact, which we review de novo. Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990); see Clark, 966 F.2d at 1320.
 
 
 5
 A federal civil rights plaintiff may be collaterally estopped from litigating a 42 U.S.C. Sec. 1983 claim by a state court criminal judgment in which the same issue has already been litigated. Allen v. McCurry, 449 U.S. 90, 102 (1980). In considering the preclusive effect of a state court judgment in a federal civil rights action, the federal courts must apply the laws of that state. See 28 U.S.C. Sec. 1738; Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 85 (1984); Ayers, 895 F.2d at 1270. "When the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." Ayers, 895 F.2d at 1271. The federal courts may consider the decisions of the intermediate appellate courts of the state for guidance in answering this question. Id.
 
 
 6
 Under Arizona law, there are five requirements for the use of collateral estoppel to preclude litigation of issues previously litigated: (1) the issue was actually litigated in a previous proceeding; (2) there was a valid and final decision on the merits; (3) resolution of the issue was essential to the decision; (4) there is common identity of the parties; and (5) there was a full and fair opportunity to litigate the issue. See Chaney Building Co. v. City of Tucson, 716 P.2d 28 (Ariz.1986); Gilbert v. Board of Medical Examiners, 745 P.2d 617, 622-23 (Ariz.Ct.App.1987).
 
 
 7
 Here, Reed contends that defendant Pizzi failed to follow police procedures, thereby violating Reed's constitutional rights under Miranda v. Arizona, 384 U.S. 436 (1966). The Arizona Supreme Court has not decided whether a federal civil rights plaintiff is collaterally estopped from raising a fifth amendment claim after the state trial court has conducted a voluntariness hearing in the state criminal proceedings. Therefore, this court must predict how the Arizona Supreme Court would rule. See Ayers, 895 F.2d at 1271.
 
 
 8
 Applying Arizona law, all five requirements weigh in favor of collateral estoppel in the instant case. First, this issue was actually litigated in Reed's state criminal proceedings because the trial court conducted a voluntariness hearing on the admissibility of Reed's statements pursuant to Miranda. At the hearing, the trial court considered the issue of defendant Pizzi's conduct with respect to Reed's fifth amendment rights. Second, following the voluntariness hearing, the trial court determined that all of Reed's statements were admissible because no constitutional violation occurred. Thus, there was a valid and final judgment on the merits as the trial court's decision was "sufficiently firm to be accorded conclusive effect." See Matter of Lockard, 884 F.2d 1171, 1175 (9th Cir.1989) (citation omitted); see also State v. Arnett, 579 P.2d 542, 546 (Ariz.1978) (trial court's determination of admissibility will not be upset on appeal absent clear and manifest error).
 
 
 9
 Third, the trial court considered the constitutionality of defendant Pizzi's conduct at the voluntariness hearing. The resolution of this issue was essential to the admissibility determination by the trial court. Fourth, in determining common identity of the parties, Arizona applies the rule that collateral estoppel may be used defensively by a nonparty against a party to a prior proceeding. See Manzanita Park v. Insurance Co. of North America, 857 F.2d 549, 552 (9th Cir.1988). As Reed was a party in the state criminal proceedings, defendant Pizzi may use the prior judgment defensively in this civil rights action. Finally, Reed had a full and fair opportunity to litigate this issue at his state criminal proceedings. The trial court conducted a voluntariness hearing at which Reed was represented by counsel.[1] Accordingly, the district court properly concluded that Reed was collaterally estopped by his state criminal proceedings from pursuing his fifth amendment claim in this civil rights action. See Ayers, 895 F.2d at 1270; Gilbert, 745 P.2d at 622-23.[2]
 
 Leave to Amend
 
 10
 Reed contends that the district court erred in denying his motion for leave to file an amended complaint. This contention lacks merit.
 
 
 11
 We review the denial of leave to amend after a responsive pleading has been filed for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). The policy favoring leave to amend should be liberally construed when applied to a pro se plaintiff's complaint. See Fed.R.Civ.P. 15(a); Ferris v. Santa Clara County, 891 F.2d 715, 719 (9th Cir.1989), cert. denied, 498 U.S. 850 (1990). "Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Texaco, Inc., 939 F.2d at 798.
 
 
 12
 Here, the district court denied Reed's motion for leave to file an amended complaint at the summary judgment phase of the proceedings. The district court held that plaintiff was harassing the defendant, that an amended complaint would add nothing to the case and that an amendment would unduly prejudice the defendant. Thus, the district court apparently found that the second, third and fourth factors weighed against granting leave to amend. See id. Even under a liberal construction of the amended complaint, the district court did not abuse its discretion in denying Reed's motion for leave to amend. See id. at 798-99.
 
 Sanctions
 
 13
 Defendant Pizzi seeks an award of attorney's fees and costs on appeal. See Fed.R.App.P. 38.[3] An award of sanctions for frivolous appeals lies in the sound discretion of this court. Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 527 (9th Cir.1991). "An appeal is considered frivolous in this circuit when the result is obvious or the appellant's arguments of error are wholly without merit." Id. Although Reed's arguments on appeal may be without merit, they are not frivolous. Accordingly, defendant Pizzi's request for sanctions is denied.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In opposition to defendant Pizzi's motion for summary judgment, Reed is apparently arguing that he was denied a full and fair opportunity to litigate this issue because the trial judge was biased. Reed offers no support for this conclusory allegation other than the fact that the judge did not permit Reed to testify at the hearing. As mere conclusory allegations are insufficient to defeat a motion for summary judgment, this argument lacks merit. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989)
 
 
 [2]
 In an analogous case, an Arizona appellate court has determined that a federal civil rights plaintiff is collaterally estopped by his prior state criminal conviction from challenging the issue of probable cause during arrest. See Creamer v. Raffety, 699 P.2d 908, 916-17 (Ariz.Ct.App.1985) (plaintiff had full and fair opportunity to litigate probable cause issue in magistrate's court during criminal proceedings). Likewise, the Arizona courts would probably find that Reed had a full and fair opportunity to litigate his fifth amendment claim at the voluntariness hearing in his state criminal proceedings. See id
 Since Reed had a full and fair opportunity to litigate his fifth amendment issue in his state court proceedings, he is also precluded from challenging defendant Pizzi's testimony at the voluntariness hearing on grounds of perjury. See id.
 
 
 [3]
 On appeal, defendant Pizzi requests sanctions pursuant to 42 U.S.C. Sec. 1988 and Fed.R.Civ.P. 11. His request, however, is more appropriately considered under Fed.R.App.P. 38 (court of appeals may award just damages if appeal determined to be frivolous)