92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Usman Shehu SULE, Plaintiff-Appellant,
v.
FCI SHERIDAN; Mr. Sandels, Captain; Mr. Palmquist,
Executive Assistant to the Warden; L. Lederer,
Psychologist of FCI Sheridan; R. Sharm,
Case Manager 4B; Joseph
Crabtree,
Defendants-Appellees.
 No. 94-35971.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1996.*
Decided July 23, 1996.
 
 1
 Before: GOODWIN and BRUNETTI, Circuit Judges and KING**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 This is a pro se petition by a prisoner for money damages against prison officials for violations of his due process, First Amendment and Eighth Amendment rights. The district court granted summary judgment to the prison officials. We affirm.
 
 FACTS
 
 4
 On May 23, 1991, Usman Shehu Sule was charged with prison infractions and placed in a "Special Housing Unit" (SHU). Three days after Sule was placed in SHU, the charges against him were dropped when prison officials determined Sule had not violated any rules. Sule was then held in SHU for seven weeks because of lack of bed space in the general prison population.
 
 
 5
 In SHU prisoners are locked down 23 hours a day. Showers are permitted three times a week. Recreation is permitted five hours a week. Access to the commissary is restricted (food is served in the cell). Prisoners in SHU can not attend Friday religious services. Sule's use of the library was restricted and his access to paper, envelopes and stamps was restricted. There is no difference between administrative detention and detention for disciplinary reasons.
 
 
 6
 The general population enjoys more frequent privileges than the inmates in SHU including better access to the law library, chapel, gymnasium, recreation yard and phones; ability to interact with other prisoners; and more frequent showers. SHU prisoners must make special requests for access to the library, are handcuffed outside their cells, strip searched on entering and leaving the unit and are more closely monitored while outside their cells for showers, phone calls and recreation.
 
 DISCUSSION
 I. Due Process
 
 7
 The Due Process Clause does not confer on inmates a liberty interest in being confined in the general prison population instead of SHU. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Prison officials have broad administrative and discretionary authority and the protected liberty interests of inmates is necessarily narrow. Id. at 467-68.
 
 
 8
 Here, Sule was not detained in SHU for disciplinary reasons. He was detained because of lack of bed space in the general population. Nonpunitive placement in administrative segregation requires an "informal, nonadversary review of the information supporting [ ] administrative confinement, including whatever statement [the inmate] wished to submit, within a reasonable time after confining him to administrative segregation." Hewitt v. Helms, 459 U.S. at 472; See Also Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986) (placement in segregation for administrative reasons requires only notice to prisoner, opportunity for prisoner to submit information, and nonadversary review of information supporting placement).
 
 
 9
 Sule received notice of the charges against him. There was an investigation which determined he had not violated the rules. Sule was allowed to submit information to the warden, in the form of a letter, the day after he was placed in SHU. His detention in SHU does not affect the length of his overall sentence. Even if SHU imposes "atypical or significant hardships," Sule received due process. See Sandin v. Conner, 115 S.Ct. 2293 (1995).
 
 II. Equal Protection
 
 10
 Sule argues that his equal protection rights have been violated because he was held in SHU pending bed space, while other inmates, who had finished serving their SHU time, were returned to the general population. This issue was not raised before the district court. An issue not presented in the district court will not be heard on appeal absent a showing that review is necessary to prevent a miscarriage of justice, that a change in the law has created a new issue pending appeal, or that the issue is purely one of law. Ferris v. Santa Clara County, 891 F.2d 715, 719 (9th Cir.1989). Accordingly, Sule's Equal Protection claim is not properly before us in this case.
 
 III. Religious Freedom
 
 11
 Sule argues his First Amendment rights were violated because while he was in SHU he could not attend Friday religious services that are available to the general prison population.
 
 
 12
 There must be a valid, rational connection between the prison regulation and the governmental interest put forward to justify it, and the governmental objective must be a legitimate and neutral one. Allen v. Tombs, 827 F.2d 563, 567 (9th Cir.1987).
 
 
 13
 The district court found that the institutional lack of access to Friday night religious services for those in SHU was reasonably related to defendants' legitimate concern for prison security. Security in SHU is important because that is where the prison houses informants, prisoners who have violated prison rules, those under criminal investigation and those who are new to the institution. Sule's rights were not abridged by the prison regulation of SHU prisoners.
 
 IV. Medical Care
 
 14
 Sule argues that he was not able to receive adequate medical treatment while in SHU, in violation of the Eighth Amendment. To establish a violation of the Eighth Amendment Sule must show that he had serious medical needs and that the defendants were deliberately indifferent to those needs. Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992).
 
 
 15
 Sule was seen by a psychologist while in SHU who determined that Sule did not need any medication. Inmates in administrative detention are visited by medical staff on a daily basis. Sule has not demonstrated that he had any serious medical needs nor has he shown that the prison acted with deliberate indifference to his health.
 
 V. Access to the Courts
 
 16
 Sule's original appeal (to the Second Circuit) was dismissed because he failed to meet a filing deadline. Sule claims this was a result of prison officials who delayed copying and mailing his brief. Sule's appeal was reinstated through pro se motions.
 
 
 17
 A prisoner must establish actual injury from denial of access to the courts to establish a cognizable constitutional violation. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Sule has not shown any actual injury.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3