103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie STEPHEN, Plaintiff-Appellant,
v.
James ROWLAND, Defendant-Appellee.
 No. 94-16289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie Stephen, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant in his 42 U.S.C. § 1983 action. Stephen contends that the district court erred because: (1) defendant violated his due process rights by detaining him in administrative segregation; (2) the prison's segregation of large numbers of African-Americans for an incident where no one was seriously injured was discriminatory; (3) his confinement in administrative segregation was retaliatory; (4) the district court abused its discretion by failing to recuse itself; (5) the district court abused its discretion by dismissing three of the defendants to the action; and (6) the district court improperly used hearsay information to reach its decision.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 On January 4, 1989, a fight broke out at the Soledad Correctional facility between rival African-American gang members. After members of the prison staff identified Stephen as a participant, prison officials placed him and other African-American inmates in administrative segregation until review of the incident could be completed. After officials determined that he had not been a participant, Stephen was released from administrative segregation on February 28, 1989.
 
 
 4
 We review de novo a district court's grant of summary judgment. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party must set forth specific facts both showing that there is a genuine issue for trial and that a jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); see also Barnett, 31 F.3d at 815.
 
 
 5
 Stephen contends that prison officials violated his due process rights by detaining him for fifty-five days while they investigated the January 4 incident.
 
 
 6
 Liberty interests protected by the Due Process Clause are generally limited to freedom from restraint that "imposes atypical and significant hardship on [an] inmate in relation to the ordinary incidents of prison life," or that has an effect on the duration of the inmate's sentence. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Placement in segregation for administrative reasons requires notice to the prisoner regarding the reason for his segregation, an opportunity for the prisoner to submit information regarding the segregation, and nonadversary review of the information supporting confinement. See Hewitt v. Helms, 459 U.S. 460, 472 (1983); see also Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986).
 
 
 7
 Here, Stephen received notice of the reason for his segregation, an opportunity to make a statement, and the prison conducted a review of the information regarding the disruption. See Hewitt, 459 U.S. at 472. In addition, Stephen has not provided evidence showing that his confinement in administrative segregation affected his overall sentence or differed from the conditions of the general prison population such that his placement imposed upon him an "atypical and significant hardship" in relation to the ordinary incidents of prison life. See Sandin, 115 S.Ct. at 2301-02. Accordingly, the district court's grant of summary judgment was appropriate. See Barnett, 31 F.3d at 815.
 
 
 8
 Stephen contends that the prison's confinement of a large number of African-American prisoners for an incident where no one was seriously injured was discriminatory. Although prisoners are protected under the Equal Protection Clause from racial discrimination, this right may be subject to restrictions if such restrictions serve a legitimate penological interest. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Turner v. Safley, 482 U.S. 78, 89 (1987). Stephen has not shown that the administrative segregation of African-American prisoners was for any reason other than to facilitate the investigation of the January 4 disturbance, thus summary judgment with regard to this issue was appropriate. See Barnett, 31 F.3d at 815; Wolff, 418 U.S. at 556.
 
 
 9
 Stephen contends that he was confined in administrative segregation because he had previously filed a complaint against two corrections officers. Stephen has failed to present evidence that contradicts defendant's evidence that Stephen's segregation advanced legitimate goals of the prison, therefore summary judgment was appropriate. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995); Barnett, 31 F.3d at 815.
 
 
 10
 Stephen contends that the district court abused its discretion by failing to recuse itself. Because Stephen has failed to show that the denial of his recusal motion represented a clear error in judgment or that the district judge's impartiality may reasonably be questioned, Stephen's claim fails. See Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870-71 (9th Cir.1991).
 
 
 11
 Stephen contends the district court abused its discretion by dismissing three of the defendants originally named in his complaint. Stephen failed to provide the United States Marshal with sufficient information regarding the identity of these three defendants, thereby preventing the Marshal from serving them within 120 days of Stephen's complaint. Therefore, the district court did not abuse its discretion by dismissing them. See Fed.R.Civ.P. 4(m).[2]
 
 
 12
 Stephen contends the district court incorrectly relied on hearsay records that were attached as exhibits to the defendant's motion for summary judgment. As prison records and reports from officers involved in the altercation, the records Stephen refers to fall under the business records exception to the hearsay rule; accordingly, the district court properly considered these records. See Fed.R.Evid. 803(6); United States v. Pazsint, 703 F.2d 420, 424-25.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We do not address the applicability of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stephen raises several contentions that we will not consider on appeal because he did not raise them in his amended complaint. See Ferris v. Santa Clara County, 891 F.2d 715, 719 (9th Cir.1989). We also do not consider those claims that Stephen raises for the first time in his reply brief. See Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (1992)
 
 
 [2]
 We note, however, that in its October 19, 1993 Order, the district court at one point dismissed Ward, Trujillo, and Iniquez without prejudice, and later dismissed them with prejudice. A defendant must be dismissed without prejudice if service is not made upon him within 120 days after filing of the complaint; therefore, we assume the district court intended to dismiss Ward, Trujillo, and Iniquez without prejudice. See Fed.R.Civ.P. 4(m)
 
 
 [3]
 Stephen's request for sanctions against the defendant is denied