**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOUGLAS DANIEL CLARK,

              Plaintiff-Appellant,

v.

JEFFREY A. BEARD, CDCR Secretary,

              Defendant-Appellee.

No.   16-16005

D.C. No. 4:11-cv-03520-YGR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted March 13, 2018
San Francisco, California

Before: FERNANDEZ and McKEOWN, Circuit Judges, and BENITEZ,** District
Judge.

     Douglas Daniel Clark, a California inmate, appeals the district court's grant

of summary judgment to Jeffrey A. Beard in this 42 U.S.C. § 1983 action

challenging a California prison regulation that prohibits inmates from filing more

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

than one non-emergency appeal of prison decisions, actions, conditions, or omissions every two weeks. *See* CAL. CODE REGS. tit. 15, § 3084.1(f). Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's decision to grant summary judgment de novo. *Glacier Fish Co. LLC v. Pritzker*, 832 F.3d 1113, 1120 (9th Cir. 2016). Dismissal for failure to state a claim under the Prison Litigation Reform Act's screening provision, 28 U.S.C. § 1915A, is subject to de novo review. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend is reviewed for abuse of discretion. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

Assuming without deciding that Clark has standing to bring his access-to-court claims and can allege some minimal infringement of his First Amendment rights, the appeal-limiting regulation is nevertheless valid because "it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The regulation rationally advances the goals of preserving prison resources and maintaining institutional security identified by California prison officials, and Clark has not demonstrated that the regulation is an exaggerated response to those objectives. *See id.* at 93.

Next, Clark's First Amendment retaliation claim fails. Though Clark may have alleged in his First Amended Complaint that prison officials retaliated against

2

him by placing him in "the hole" for filing appeals, he failed to address this argument on appeal and so has waived his right to relief on that basis. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived.").

Finally, before dismissing a pro se civil rights complaint for failure to state a claim, a district court "must give the plaintiff a statement of the complaint's deficiencies." *Karim-Panahi v. L.A. Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988). This statement of deficiencies "need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs, [however] district courts must at least draft a few sentences explaining the deficiencies." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). The district court provided Clark with an opportunity to amend his complaint along with adequate guidance for how to state a valid retaliation claim. The court did not abuse its discretion in denying Clark leave to amend his complaint a second time. *See Ferris v. Santa Clara Cty.*, 891 F.2d 715, 719 (9th Cir. 1989) (concluding that the district court did not abuse its discretion in striking a pro se plaintiff's second amended complaint where the plaintiff "already [] filed one amended complaint" that "failed to cure the defect the court had told him about").

**AFFIRMED.**